Jessica Elise Rico (SBN: 283672)
Law Office of Jessica Rico
14435 Sherman Way Ste 209
Van Nuys, CA 91405
Tel: (818) 787-1187;
Fax: (818) 787-1169

Attorney for Debtor(s)/Movant(s)

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION

| | |
|---|---|
| IN RE<br><br>MARIA D. FLORES,<br><br>      Debtor | Case No. 8:17-bk-13798-ES<br><br>Chapter 13<br><br>**STIPULATION RE: MOTION TO AVOID JUNIOR LIEN OF NEWPORT BEACH HOLDINGS, LLC, ITS ASSIGNEES AND/OR SUCCESSORS IN INTEREST ON PRINCIPAL RESIDENCE**<br><br>HEARING DATE: February 15, 2018<br>TIME: 10:30 A.M<br>CTRM:5A<br>PLACE: 411 West Fourth Street<br>           Santa Ana, CA 92701 |

    This Stipulation is entered into by and between Maria D. Flores (hereinafter referred to as "Debtor"), by and through their attorney of record, Jessica E. Rico and Creditor Newport Beach Holdings, LLC. (hereinafter referred to as "Creditor"), by and through its attorney of record, BURKE, WILLIAMS & SORENSEN, LLP.

---

–1–
**STIPULATION RE: COMPLAINT TO DETERMINE SECURED VALUE OF
REAL PROPERTY AND TO EXTINGUISH THE LIEN OF SECOND DEED OF TRUST**

## RECITALS

A. Debtor is the maker of a Note in favor of Creditor dated September 05, 2012 in the original principal amount of $116,000.00 ("Note"), which is secured by a Deed of Trust encumbering the real property 2126 W. Elder ave Santa Ana,, CA 92704, APN No. 109-525-02 (the "Subject Property"). The Note and Second Deed of Trust are collectively referred to hereinafter as the "Subject Loan."

B. On or about September 25,2017 , Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District and was assigned Case No. 8:17-BK-13798-ES

C. November 02, 2017, Debtor filed Motion To Avoid Junior Lien against Newport Beach Holdings, LLC, Its Assignees and/or Successors In Interest On Principal Residence Praying that the court find Creditor's Deed of Trust encumbering the Subject Property be avoided and that its claim be paid as an unsecured.

**THE PARTIES HEREBY STIPULATE AND AGREE TO AN ORDER AS FOLLOWS:**

1. The Claim of the Defendant secured by the Second Deed of Trust on the property shall be paid through the Plaintiff's Chapter 13 plan as a general unsecured claim in the amount $212,401.36

2. The avoidance and release of Creditor's Second Deed of Trust is contingent upon the Debtor's completion of their Chapter 13 plan and the Debtor's receipt of a Chapter 13 discharge;

3. Upon receipt of the Debtor's Chapter 13 discharge and completion of their Chapter 13 Plan, the Judgment may be recorded by the Debtor with the Los Angeles County Recorder's Office;

4. Creditor shall retain its lien for the full amount due under the Subject Loan should the Subject Property be sold or should a refinance take place prior to the Chapter 13 Plan completion and entry of a Chapter 13 Discharge.

5. Creditor shall retain its lien for the full amount due under the Subject Loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code;

6. In the event that any entity, including the holder of the first lien on the Subject Property, forecloses on its security interest and extinguishes Creditor's Deed of Trust prior to the Debtor's completion of their Chapter 13 Plan and receipt of a Chapter 13 discharge, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the sale; and

7. Each party shall bear their own attorneys' fees and costs incurred in the present Bankruptcy case number.

IT IS SO STIPULATED:

DATED: 02/08/2018            BY: _____
                             Jessica E. Rico
                             Attorney for Debtor
                             MARIA DE LA CRUZ FLORES

DATED: 02/08/18              BY: _____
                             Richard J. Reynolds
                             Rafael R. Garcia-Salgado

- 3 -
STIPULATION RE: COMPLAINT TO DETERMINE SECURED VALUE OF
REAL PROPERTY AND TO EXTINGUISH THE LIEN OF SECOND DEED OF TRUST